IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORDY RICE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FIELDER, et al.,<br><br>　　　　　Defendants. | No. 2:18-CV-2743-DMC<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Plaintiff's complaint (ECF No. 1). Plaintiff alleges Defendants violated his Eighth Amendment right against cruel and unusual punishment by failing to properly address or attempt to treat or prevent his suicidal ideations and actions.

## I. SCREENING REQUIREMENT AND STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

///

1

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal–Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and are afforded the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572F.3d at 969.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff has named four Defendants: (1) Dr. Fielder, (2) Dr. Wetterer, (3) M. Schneider, and (4) Jane/John Doe. Plaintiff raises three claims, however claims two and three are largely duplicative of the first, as such this Court will treat them as part of the first claim. Plaintiff alleges on September 14, 2016, he informed Defendant Wetterer during an interview that he planned on killing himself by cutting his wrists. Plaintiff contends that Wetterer sent him back to his cell where Plaintiff proceeded to cut his wrists. Plaintiff asserts that on September 17, 2016, he informed Defendant Fielder that he planned on cutting his wrists open and bleeding to death if returned to his cell. Plaintiff states that Defendant Fielder cleared Plaintiff and sent him

back to his cell where Plaintiff proceeded to cut his wrists. Plaintiff alleges he again saw Defendant Fielder who concluded the cuts on Plaintiff's wrists were superficial and had Plaintiff sent back to his cell. Plaintiff asserts that before returning to his cell he informed Fielder that he was still having suicidal ideations. Plaintiff claims he was then seen again by Defendant Wetterer who Plaintiff again informed that Plaintiff was still suicidal and if returned to his cell he would cut his wrists once more. Plaintiff contends Defendant Wetterer again cleared him and upon return to his cell Plaintiff again cut his wrists. Plaintiff further alleges that Defendant Schneider interviewed him apologized for the poor decisions of Defendants Fielder and Wetterer but "chose to find nothing was done wrong per CDCR policy." Plaintiff additionally assert Jane/John Doe was aware of "the wrong done but chose not to correct it."

### III. ANALYSIS

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

///

///

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

///

Plaintiff's claim against Defendants Fielder and Dr. Wetterer are sufficient to pass screening. However, Plaintiff's claims as to M. Schneider and Jane/John Doe are not sufficient to pass screening. Plaintiff's claims related to M. Schneider seek to hold Schneider responsible for the actions of Wetterer and Fielder under a theory of supervisor liability. However, respondeat superior liability is not available in section 1983 cases, rather individuals can only be held liable for their own conduct. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). Here, there are no facts that indicate Schneider was a part of the initial alleged medical needs violations and there are no facts that indicate any medical needs violations occurred after Schneider was made aware of the initial alleged violations. Because government officials can only be held liable under section 1983 for their own conduct not the conduct of other, and because there are no allegations that Schneider's own acts violated Defendants constitutional rights, any claim against Schneider fails to state a claim for relief. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

Plaintiff's claims against Jane/John Doe are too vague and conclusory to properly state a claim. There is but one sentence in the entire complaint related to this Defendant, which reads: "The third level Jane/John Doe responder also knew of the wrong done but chose not to correct it." This single sentence is insufficient to meet the general pleading standard, as it is both vague and conclusory. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, even if this allegation was properly pleaded it suffers from the same deficiency as the allegation against Defendant Schneider as it attempts to improperly import a respondeat superior form of liability onto Defendant Jane/John Doe. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

///
///
///
///
///

## IV. AMENDING THE COMPLAINT

Because it may be possible for some of the deficiencies identified in this order to be cured by amending the complaint, plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id. This means, in practical terms, if Plaintiff files an amended complaint he must not only cure any deficiencies identified in this order, but also reallege the cognizable claim(s) discussed in this Court's order.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

///
///
///
///
///
///
///

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order

Dated: April 8, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE