IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORDY RICE, | No. 2:18-CV-2743-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| FIELDER, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is defense counsel's motion to withdraw as counsel for defendant Fielder (ECF No. 26). Defendant Fielder has submitted no opposition or response to the Court.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

## I. BACKGROUND

Defendant Fielder is currently represented by Deputy Attorney General Stacia L. Johns. Defense counsel summarizes the factual and procedural circumstances of this case as follows:

> Plaintiff initiated the present civil rights action on October 11, 2018. (ECF No. 1.) The Court issued an order authorizing service as to Defendants Fielder and Wetterer on August 16, 2019. (ECF No. 12.) On January 16, 2020, the undersigned attorneys filed an Answer on behalf of Defendants Fielder and Wetterer. (ECF No. 16.) On January 22, 2020, the Court issued a discovery and scheduling order. (ECF No. 17.) Pursuant to that order, responses to written discovery requests are due within forty-five days of service. (Id. at 1.)
>
> Plaintiff served interrogatories propounded on Defendant Fielder by mail on March 9, 2020. (Johns Decl. ¶ 3.) Accordingly, responses were due by April 27, 2020. Fed. R. Civ. P. 6(d).
>
> Between April 21, 2020, and April 25, 2020, counsel experienced significant difficulties communicating with Defendant Fielder. (Johns Decl. ¶ 4.) On April 24, 2020, counsel advised Defendant Fielder that counsel would seek to withdraw from representation if the difficulties in communication continued. (Johns Decl. ¶ 5.) Thereafter, there were further issues in communication and conduct, causing an irreparable breakdown in the attorney-client relationship. (Id.)
>
> Defense counsel was unable to obtain the information necessary to formulate and timely serve responses to Plaintiff's interrogatories, set one, propounded on Defendant Fielder. (Johns Decl. ¶ 6.) On April 27, 2020, defense counsel met and conferred with Plaintiff Rice via telephone to seek a sixty-day extension of time for Defendant Fielder to serve responses to Plaintiff's interrogatories, set one. (Johns Decl. ¶ 7.) Plaintiff Rice agreed to an extension of sixty days. (Id.) In addition, defense counsel formally sought an extension of time for Defendant Fielder to serve interrogatory responses by filing a motion with the court on April 27, 2020. (Johns Decl. ¶ 8; see ECF No. 24.) The Court granted the sixty-day extension, and Defendant Fielder now has until June 29, 2020, to serve responses to Plaintiff's interrogatories, set one. (See ECF No. 25.)
>
> This motion has been served on all other parties who have appeared in this matter. (Johns Decl. ¶ 13.) Defendant Fielder was served with a copy of the instant motion at his last known address. (Johns Decl. ¶ 11.) Defense counsel also provided a courtesy copy of this motion to Defendant Fielder by email. (Johns Decl. ¶ 12.)

ECF No. 26-1, pgs. 2-3.

/ / /

/ / /

/ / /

## II. LEGAL STANDARD

Withdrawal of counsel is governed by the Rules of Professional Conduct of the State Bar of California, and the Local Rules of Practice for the United States District Court, Eastern District of California. See L.R. 182; L.S. v. Pan. Buena Vista Union Sch. Dist., No. 1:12-cv-00744 LJO JLT, 2012 U.S. Dist. LEXIS 109707, at *3 (E.D. Cal. Aug. 6, 2012).

The California Rules of Professional Conduct provide that if the rules of a court require permission for an attorney to withdraw, the attorney may not withdraw from employment in a proceeding without the permission of such court. See Cal. R. Prof. Conduct 1.16(c). In addition, counsel must take reasonable steps to avoid prejudicing the rights of the client, including providing notice, allowing time for the client to employ other counsel, and complying with applicable laws and rules. See Cal. R. Prof. Conduct 1.16(d). Grounds for permissive withdrawal exist when "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." See Cal. R. Prof. Conduct 1.16(b)(4).

The Local Rules provide that an attorney who has appeared on behalf of a client may not withdraw, leaving the client in propria persona, without leave of court upon noticed motion, along with notice to the client and all other parties who have appeared. See L.R. 182(d). The attorney is also required to "provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw." Id. Likewise, California's Rules of Court require notice of a motion to withdrawal to be served on the client and other parties who have appeared in the action. See Cal. R. Court 3.1362(d).

It is within the Court's discretion whether to grant withdrawal. See Canandaigua Wine Co., Inc. v. Moldauer, No. 1:02-CV-06599, 2009 U.S. Dist. LEXIS 4238, at *2 (E.D. Cal. Jan. 13, 2009). "Factors the Court may consider include: (1) the reasons for withdrawal, (2) prejudice that may be caused to other litigants, (3) harm caused to the administration of justice, and (4) delay to the resolution of the case caused by withdrawal." L.S. ex rel. R.S., 2012 U.S. Dist. LEXIS 109707, 2012 WL 3236743, at *2 (citing Canandaigua, 2009 U.S. Dist. LEXIS 4238, at *4).

## III. DISCUSSION

Counsel seeks to withdraw from representing defendant Fielder in this action because of "difficulties in communication" with Fielder. ECF No. 26-1, pg. 4. According to defense counsel:

> Between April 21, 2020, and April 25, 2020, defense counsel experienced significant difficulties communicating with Defendant Fielder. (Johns Decl. ¶ 4.) In an email dated April 24, 2020, defense counsel advised Defendant Fielder that counsel would seek to withdraw from representation if the difficulties in communication continued. (Johns Decl. ¶ 5.) Thereafter, there were further issues in communication and conduct, causing an irreparable breakdown in the attorney-client relationship. (Id.) Defense counsel was unable to obtain information necessary to timely respond to Plaintiff's interrogatories, set one, propounded on Defendant Fielder. (Johns Decl. ¶ 6.) Defendant Fielder's actions have made it unreasonably difficult for defense counsel to effectively carry out the representation. (Johns Decl. ¶ 9.)

ECF No. 26-1, pg. 4.

Courts interpreting Rule 1.16 have held that "a client's failure to communicate with their attorneys constitutes good cause for the attorneys to seek withdrawal from representing the client." Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc., No. CV-14-02139-MWF (VBKx), 2016 U.S. Dist. LEXIS 185827, at *4 (C.D. Cal. Mar. 22, 2016). Here, it appears that, as a result of this breakdown in communication, defense counsel has been unable to adequately respond to plaintiff's requests for discovery. Fielder, having submitted no response to the pending motion, does not dispute this. Responding to an opposing party's request for discovery is the responsibility of the client's attorney. Thus, the Court is satisfied that the above-referenced circumstances render it "unreasonably difficult" for defense counsel to perform its duties.

Additionally, it appears that defense counsel has taken reasonable steps to mitigate any foreseeable prejudice to Fielder. First, defense counsel was able to meet and confer with plaintiff to agree to an extension of time for Fielder to serve responses to plaintiff's interrogatories, set one. See ECF No. 26-2, pg. 2; see also ECF No. 25 – Order granting 60-day extension of time. Second, defense counsel also secured a modification to the discovery and scheduling order, extending to discovery deadline to August 24, 2020. See ECF No. 29.

Therefore, Fielder will not be confronted with an immediately impending discovery deadline upon withdrawal.

Lastly, it appears that defendant Fielder was provided with proper notice of defense counsel's intent to withdraw its representation. According to defense counsel:

> After experiencing difficulty communicating with Defendant Fielder, defense counsel advised Defendant Fielder in an email that counsel would seek to withdraw from the representation if issues in communication continued. (Johns Decl. ¶ 5.) Thereafter, there were further issues in communication, causing an irreparable breakdown of the attorney-client relationship and rendering effective representation unreasonably difficult. (Johns Decl. ¶ 5, 9.) Defendant Fielder was served a copy of this motion at his last known address. (Johns Decl. ¶ 11.) Defense counsel also provided a courtesy copy of this motion to Defendant by email. (Johns Decl. ¶ 12.)

ECF No. 26-1

The Court is satisfied that the above-mentioned attempts to notify Fielder of the issues with representation and of defense counsel's motion to withdraw fall within the requirements of Local Rule 182(d) and California Rule of Court 3.1362(d).

## IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The motion to withdraw as counsel for defendant Fielder (ECF No. 26) is GRANTED;

2. Stacia Lynn Johns is relieved of her duties and obligations as defendant Fielder's attorney of record; and

3. The Clerk of the Court is DIRECTED to remove Stacia Lynn Johns as attorney for defendant Fielder in this action.

Dated:  June 12, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE