**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KORDY RICE,<br><br>        Plaintiff,<br><br>    v.<br><br>FIELDER, et al.,<br><br>        Defendants. | No.  2:18-CV-2743-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion to compel responses to requests for production. See ECF No. 33.

**I. SUMMARY OF DISCOVERY DISPUTE**

Plaintiff seeks an order directing Defendant Wetterer to provide responses to his requests for production of documents, set two. See id. According to Plaintiff, Defendant Wetterer's objections "have no merit." Id. at 2. While Plaintiff attaches a copy of the discovery and responses at issue, Plaintiff provides no further argument or analysis. See id.

/ / /

/ / /

/ / /

## II.  STANDARDS FOR MOTION TO COMPEL

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

The party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist. LEXIS 75435, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

/ / /

/ / /

"Relevance for purposes of discovery is defined very broadly." <u>Garneau v. City of Seattle</u>, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." <u>Bryant v. Ochoa</u>, No. 07cv200 JM (PCL), 2009 U.S. Dist. LEXIS 42339, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

### III. DISCUSSION

Plaintiff served a second set of eleven requests for production of documents on Defendant Wetterer on or about April 27, 2020. <u>See</u> ECF No. 33, pgs. 7-8. After obtaining an extension of time, <u>see</u> ECF No. 28, Defendant served timely responses on August 10, 2020, <u>see</u> ECF No. 33, pgs. 10-14. With his response, Defendant Wetterer raised a number of objections and produced medical records dated September 14, 2016, and September 17, 2016. <u>See</u> ECF No. 33, pgs. 10-14. Defendant Wetterer served supplemental responses on September 9, 2020, to correct a typographical error in his original responses. <u>See</u> ECF No. 36-1, pgs. 15-20. Substantively, Defendants Wetterer's original and supplemental responses are the same.

Without elaboration, Plaintiff contends Defendant Wetterer's objections "have no merit." This contention fails to meet Plaintiff's burden on a motion to compel of showing why Defendant's responses are inadequate or objections unjustified. The Court will nonetheless address Defendant Wetterer's responses to each of Plaintiff's requests for production, set two.

<u>Request No. 1</u>

Plaintiff seeks documents "relating to Questions asked by Dr. Wetterer" to Plaintiff on September 14, 2016. <u>See id.</u> at 10. Defendant objected that the request does not describe any document or category of documents. <u>See id.</u> Defendant produced medical record authored by Defendants Wetterer and/or Fielder on September 14, 2016, and September 17, 2016. <u>See id.</u> Defendant's objection is sustained.

/ / /

|   |   |
|---|---|
| 1 | Request No. 2 |
| 2 | Plaintiff seeks documents "relating to I/M Rice Answer to Dr. Wetterer Questions |
| 3 | on 9/14/2016." See ECF No. 33, pg. 11.  Defendant objected that the request does not describe |
| 4 | any document or category of documents.  See id.  Defendant produced medical record authored |
| 5 | by Defendants Wetterer and/or Fielder on September 14, 2016, and September 17, 2016.  See id. |
| 6 | Defendant's objection is sustained. |
| 7 | Request No. 3 |
| 8 | Similar to request no. 1, Plaintiff seeks documents "relating to Questions asked by |
| 9 | Dr. Fielder" to Plaintiff on September 17, 2016.  See id. at 11.  Defendant objected that the |
| 10 | request does not describe any document or category of documents.  See id.  Defendant produced |
| 11 | medical record authored by Defendants Wetterer and/or Fielder on September 14, 2016, and |
| 12 | September 17, 2016.  See id.  Defendant's objection is sustained. |
| 13 | Request No. 4 |
| 14 | Similar to request no. 3, Plaintiff seeks documents "relating to I/M Rice Answer to |
| 15 | Dr. Fielder Questions on 9/17/2016."  See id. at 11.  Defendant objected that the request does not |
| 16 | describe any document or category of documents.  See id.  Defendant produced medical record |
| 17 | authored by Defendants Wetterer and/or Fielder on September 14, 2016, and September 17, 2016. |
| 18 | See id.  Defendant's objection is sustained. |
| 19 | Request No. 5 |
| 20 | Plaintiff seeks a copy of the "CSP-SAC Bravo 67 sign in log book showing Dr. |
| 21 | Wetterers [sic] sign in and sign out time on 9/14/16."  Id. at 12.  Defendant Wetterer stated that he |
| 22 | conducted a search of archives at California State Prison – Sacramento and could locate no |
| 23 | responsive document.  See id.  The Court finds no basis to order any further response. |
| 24 | Request No. 6 |
| 25 | Similar to request no. 5, Plaintiff seeks a copy of the "CSP-SAC Bravo 67 sign in |
| 26 | log book showing Dr. Wetterers [sic] sign in and sign out time on 9/17/16."  Id. at 12.  Defendant |
| 27 | Wetterer stated that he conducted a search of archives at California State Prison – Sacramento and |
| 28 | could locate no responsive document.  See id.  The Court finds no basis to order any further |

4

1 | response.

2 | <u>Request No. 7</u>

3 | Plaintiff seeks a copy of "the guidelines of CDCR SRE 74." ECF No. 33, pg. 12.
4 | Defendant objected that the term "SRE 74" is not defined, that the request does not describe any
5 | document or category of documents with sufficient particularity, and that the request is vague as
6 | to time. <u>See id.</u> Notwithstanding these objections, Defendant Wetterer stated that he does not
7 | have any such document or documents in his custody, possession, or control. <u>See id.</u> at 12-13.
8 | Defendant's objections are sustained.

9 | <u>Request No. 8</u>

10 | Plaintiff seeks copies of the "American Psychiatric Association 2003" and the
11 | "U.S. Dept. of Health & Human Services five step evaluation & triage." <u>Id.</u> at 13. Defendant
12 | Wetterer objected on the basis that the request is compound. <u>See id.</u> He also stated he has no
13 | responsive documents in his custody, possession, or control. <u>See id.</u> Defendant's objection is
14 | sustained.

15 | <u>Request No. 9</u>

16 | Plaintiff seeks "[a]ll CSP-SAC Mental Health training dates for Dr. Wetterer for
17 | the years 2015 and 2016." <u>Id.</u> Defendant objected that the request does not describe any
18 | document or category of documents. <u>See id.</u> Defendant's objection is sustained.

19 | <u>Request No. 10</u>

20 | Plaintiff seeks "[a]; CSP-SAC training dates for Dr. Fielder for the years 2015 and
21 | 2016." <u>Id.</u> As with request no. 9, Defendant Wetterer objected that the request does not describe
22 | any document or category of documents. <u>See id.</u> Defendant's objection is sustained.

23 | <u>Request No. 11</u>

24 | Plaintiff seeks copies of the "American Psychiatric Association 2010" and "U.S.
25 | Dept. of Health & Human Services five step evaluation & triage. . . ." <u>Id.</u> at 14. As with request
26 | no. 8, Defendant objected on the basis that the request is compound. <u>See id.</u> Defendant Wetterer
27 | also stated he has no responsive documents in his custody, possession, or control. <u>See id.</u>
28 | Defendant's objection is sustained.

## IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to compel further responses to requests for production of documents, set two, ECF No. 33, is denied.

Dated:  February 9, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE