**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KORDY RICE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FIELDER, et al.,<br><br>　　　　Defendants. | No.  2:18-CV-2743-TLN-DMC-P<br><br><br>ORDER |

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's unopposed motion, ECF No. 53, for sanctions against Defendant Fielder. Plaintiff brings his motion pursuant to Federal Rule of Civil Procedure 37(b).

　　　　According to Plaintiff, Defendant Fielder has failed to obey the Court's orders to produce discovery. See id.  More specifically, Plaintiff states that he served interrogatories on Defendant Fielder and that Defendant Fielder sought an extension of time to respond. See id. at 2 (citing ECF No. 24).  Plaintiff states that Defendant Fielder was granted another extension of time to respond. See id. (citing ECF No. 27).  Next, Plaintiff states that the Court granted Plaintiff's motion to compel and ordered Defendant Fielder to provide discovery and file notice with the Court that discovery had been provided. See id. at 2-3 (citing ECF No. 48).  Finally, Plaintiff states that "9 months have passed since Defendant Fielder was ordered to respond to Plaintiff's

interrogatories," but he does not state that Defendant Fielder has failed to provide responses. See id. at 3.

      A review of the docket reflects the following history relevant to responses to Plaintiff's discovery requests served on Defendant Fielder:

| | |
|---|---|
| April 27, 2020 | Defendant Fielder, through counsel, filed a motion for a 60-day extension of time to respond to Plaintiff's Interrogatories. See ECF No. 24. |
| April 30, 2020 | The Court granted Defendant Fielder's motion and ordered Responses to interrogatories due by June 29, 2020. See ECF No. 25. |
| May 4, 2020 | Fielder's counsel, Stacia Lunn Johns, Esq., filed a motion for leave to withdraw as counsel on the basis of an irreparable breakdown in the attorney-client relationship. See ECF No. 26. |
| May 20, 2020 | While counsel's motion was still pending, Defendants Fielder and Wetterer, through counsel, sought 60-day extension of time to respond to Plaintiff's requests for production. See ECF No. 27. |
| May 22, 2020 | Again while counsel's motion was still pending, the Court granted the motion for an extension of time and ordered responses to requests for production due by August 10, 2020. See ECF No. 28. |
| June 12, 2020 | The Court granted counsel's motion to withdraw leaving Defendant Fielder unrepresented and proceeding pro se. Attorney Johns remained counsel for Defendant Wetterer. See ECF No. 30. |
| July 2, 2020 | Plaintiff filed a motion to compel Defendant Fielder to provide initial responses to interrogatories. See ECF No. 31. |
| August 21, 2020 | Plaintiff filed a motion to compel Defendants Fielder and Wetterer to provide further responses to requests for production. See ECF No. 33. |
| September 10, 2020 | Defendant Wetterer, through counsel, filed an opposition to Plaintiff's motion to compel further responses to requests for production. See ECF No. 36. |
| February 10, 2021 | The Court granted Plaintiff's July 2, 2020, motion to compel and ordered Defendant Fielder to serve responses to Plaintiff's interrogatories and file notice with the court of having done so within 14 days of the date of the Court's order. See ECF No. 48. By separate order, the Court denied Plaintiff's August 21, 2020, motion to compel further responses to requests for production. See ECF No. |

|   |   |   |
|---|---|---|
| 1 |  | 49.  Because it appeared the Court's prior orders had not been served on Defendant Fielder personally following withdrawal of attorney Johns, the Court directed that Defendant Fielder's address be updated on the docket consistent with the address provided by counsel in her motion to withdraw, and further directed that the Court's orders at ECF Nos. 46, 47, 48, and 49 be served on Defendant Fielder personally. |
| 2 |  |  |
| 3 |  |  |
| 4 |  |  |
| 5 |  |  |
| 6 | March 24, 2021 | Plaintiff filed his motion for sanctions with a proof of service showing proper service on Defendant Felder personal at his address of record as updated on February 10, 2021.  <u>See</u> ECF No. 53. |
| 7 |  |  |
| 8 | May 3, 2021 | Defendant Wetterer filed a motion for summary judgment on his behalf alone, which is fully briefed and will be addressed by separate findings and recommendations. |
| 9 |  |  |

Rule 37(b) authorizes the Court to impose sanctions for failure to comply with a court order.  <u>See</u> Fed. R. Civ. P. 37(b).  Sanctions may be sought in the district where the action is pending for not obeying a prior discovery order, <u>see</u> Fed. R. Civ. P. 37(b)(2)(A), or for not producing a person for examination, <u>see</u> Fed. R. Civ. P. 37(b)(2)(B).  In his motion, Plaintiff states that Defendant Fielder should be held in contempt of Court.  See ECF No. 53, pg. 1. Plaintiff also asks that sanctions be imposed on Defendant Fielder because he "has chosen to be disobedient to two court orders."  <u>Id</u>.  Plaintiff does not state what form of sanction he seeks.

To date, Defendant Fielder, who has been proceeding pro se since June 12, 2020, and who was served with the Court's order granting Plaintiff's motion to compel on February 10, 2021, has not complied with the order by filing a notice that he has served responses to Plaintiff's interrogatories.  The record reflects that Plaintiff's motion for sanctions, in which he states that he has not received interrogatory responses from Defendant Fielder despite the Court's order, was also properly served on Defendant Fielder, who has not filed any response to Plaintiff's motion.

The Court finds that the record establishes Defendant Fielder's failure to comply with the Court's February 10, 2021, discovery order.  Rule 37(b)(2)(A) provides that the Court may "issue further just orders" for disobedience of a discovery order.  The rule also outlines a non-exhaustive list of possible appropriate sanctions including: (1) directing that matters be taken as established; (2) prohibiting the disobedient party from supporting or opposing designated claims or defenses or introducing designated matters in evidence; (3) striking pleadings; (4)

staying further proceedings until the order is obeyed; (5) dismissing the action in whole or in part; (6) rendering a default judgment against the disobedient party; or (7) treating the disobedience as contempt of court. See Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).  Because Plaintiff does not provide any argument as to the form of sanction to be imposed, the Court will grant Plaintiff's motion and direct further briefing concerning an appropriate remedy for Defendant Fielder's non-compliance with the February 20, 2021, order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for sanctions pursuant to Federal Rule of Civil Procedure 37(b), ECF No. 53, is granted;

2. Within 30 days of the date of this order, Plaintiff shall file a brief setting forth his argument in favor of the particular sanction(s) he seeks to be issued by the Court; and

3. Defendant Fielder shall file a response within 15 days of the date of service of Plaintiff's brief.

Dated:  October 19, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE