IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORDY RICE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FIELDER,<br><br>　　　　Defendant. | No. 2:18-CV-2743-TLN-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. This case is before the Court following Defendant Fielder's failure to comply with the Court's February 10, 2021, order granting Plaintiff's motion to compel discovery responses.

A review of the docket reflects the following relevant procedural history:

| | |
|---|---|
| April 27, 2020 | Defendant Fielder, through counsel, filed a motion for a 60-day extension of time to respond to Plaintiff's Interrogatories. See ECF No. 24. |
| April 30, 2020 | The Court granted Defendant Fielder's motion and ordered Responses to interrogatories due by June 29, 2020. See ECF No. 25. |
| May 4, 2020 | Fielder's counsel, Stacia Lunn Johns, Esq., filed a motion for leave to withdraw as counsel on the basis of an irreparable breakdown in the attorney-client relationship. See ECF No. 26. |

1

| | | |
|---|---|---|
| 1 2 3 | May 20, 2020 | While counsel's motion was still pending, Defendants Fielder and Wetterer, through counsel, sought 60-day extension of time to respond to Plaintiff's requests for production.  See ECF No. 27. |
| 4 5 | May 22, 2020 | Again while counsel's motion was still pending, the Court granted the motion for an extension of time and ordered responses to requests for production due by August 10, 2020.  See ECF No. 28. |
| 6 7 8 | June 12, 2020 | The Court granted counsel's motion to withdraw leaving Defendant Fielder unrepresented and proceeding pro se. Attorney Johns remained counsel for Defendant Wetterer. See ECF No. 30. |
| 9 10 | July 2, 2020 | Plaintiff filed a motion to compel Defendant Fielder to provide initial responses to interrogatories.  See ECF No. 31. |
| 11 12 | August 21, 2020 | Plaintiff filed a motion to compel Defendants Fielder and Wetterer to provide further responses to requests for production.  See ECF No. 33. |
| 13 14 | September 10, 2020 | Defendant Wetterer, through counsel, filed an opposition to Plaintiff's motion to compel further responses to requests for production.  See ECF No. 36. |
| 15 16 17 18 19 20 21 22 | February 10, 2021 | The Court granted Plaintiff's July 2, 2020, motion to compel and ordered Defendant Fielder to serve responses to Plaintiff's interrogatories and file notice with the court of having done so within 14 days of the date of the Court's order.  See ECF No. 48.  By separate order, the Court denied Plaintiff's August 21, 2020, motion to compel further responses to requests for production.  See ECF No. 49.  Because it appeared the Court's prior orders had not been served on Defendant Fielder personally following withdrawal of attorney Johns, the Court directed that Defendant Fielder's address be updated on the docket consistent with the address provided by counsel in her motion to withdraw, and further directed that the Court's orders at ECF Nos. 46, 47, 48, and 49 be served on Defendant Fielder personally. |
| 23 24 | March 24, 2021 | Plaintiff filed his motion for sanctions with a proof of service showing proper service on Defendant Felder personal at his address of record as updated on February 10, 2021.  See ECF No. 53. |
| 25 26 27 | October 20, 2021 | The Court granted Plaintiff's motion for sanctions, which Defendant Fielder failed to oppose, and directed Plaintiff to submit a declaration in support of appropriate sanctions. See ECF No 64. |
| 28 | October 27, 2021 | Plaintiff filed his brief in support of sanctions.  See ECF No. 66. |

2

1       To date, Defendant Fielder, who has been proceeding pro se since June 12, 2020, and who was served with the Court's order granting Plaintiff's motion to compel on February 10, 2021, has not complied with the order by filing a notice that he has served responses to Plaintiff's interrogatories.  The record reflects that Plaintiff's motion for sanctions, in which he states that he has not received interrogatory responses from Defendant Fielder despite the Court's order, was also properly served on Defendant Fielder, who has not filed any response to Plaintiff's motion.  On this basis, the Court found that imposition of sanctions was appropriate.  See ECF No. 64.

Federal Rule of Civil Procedure 37(b) authorizes the Court to impose sanctions for failure to comply with a court order.  See Fed. R. Civ. P. 37(b).  Sanctions may be sought in the district where the action is pending for not obeying a prior discovery order, see Fed. R. Civ. P. 37(b)(2)(A), or for not producing a person for examination, see Fed. R. Civ. P. 37(b)(2)(B).  Rule 37(b)(2)(A) provides that the Court may "issue further just orders" for disobedience of a discovery order.  The rule also outlines a non-exhaustive list of possible appropriate sanctions including: (1) directing that matters be taken as established; (2) prohibiting the disobedient party from supporting or opposing designated claims or defenses or introducing designated matters in evidence; (3) striking pleadings; (4) staying further proceedings until the order is obeyed; (5) dismissing the action in whole or in part; (6) rendering a default judgment against the disobedient party; or (7) treating the disobedience as contempt of court.  See Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

In his brief in support of sanctions, Plaintiff requests imposition of a default judgment against Defendant Fielder in the amount of $5,000.00.  See ECF No. 66.  The court must weigh five factors before imposing case-terminating sanctions.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).

/ / /

Upon consideration of these factors, the Court finds that imposition of a default judgment in favor of Plaintiff and against Defendant Fielder is warranted.  First, Defendant Fielder is thwarting the public's interest in expeditious resolution of this litigation by failing to respond to Plaintiff's discovery requests as ordered.  Second, Defendant Fielder's conduct is making it impossible for the Court to manage its docket by moving this case forward.  Third, absent responses to discovery, Plaintiff's ability to prosecute his action on the merits is prejudiced.  Fourth, Defendant Fielder's conduct makes it impossible to resolve this case on the merits.  Fifth, there appears to be no available sanction which is less drastic given Defendant Fielder's complete refusal to comply with the Court's orders or litigate this case.  Finally, the Court finds that Defendant Fielder refusal to comply with the prior discovery order is willful and in bad faith.

As outlined above, Rule 37(b)(2)(A) provides the Court numerous options, including striking pleadings and rendering a default judgment.  Though Plaintiff seeks a default judgment awarding him $5,000.00, the Court will first take the less-drastic step of striking Defendant Fielder's answer and entering his default.  Plaintiff will be provided an opportunity to submit evidence in support of his request for an award of monetary damages as a default judgment.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for a ruling, ECF Nos. 63, 79, and 80, are granted to the extent the Court has now ruled on Plaintiff's request for sanctions.

2. The answer filed on January 16, 2020, ECF No. 16, is stricken <u>as to Defendant Fielder only</u>.

3. The Court finds that Defendant Fielder is in default and the Clerk of the Court is directed to enter Defendant Fielder's default on the docket.

4. Plaintiff's motion for clarification regarding entry of default, ECF No. 78, and motion for partial summary judgment, ECF No. 67 are denied as moot.

/ / /

/ / /

5. Within 30 days of the date of this order, Plaintiff shall file and serve on Defendant Fielder a renewed motion for default judgment which includes all evidence in support of Plaintiff's request for an award of monetary damages in the amount of $5,000.00.

Dated: August 4, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE