IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| KORDY RICE, | No. 2:18-CV-2743-TLN-DMC-P |
|---|---|
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| FIELDER, | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. This case is before the Court following Defendant Fielder's failure to comply with the Court's February 10, 2021, order granting Plaintiff's motion to compel discovery responses. Pending before the Court is Plaintiff's motion, ECF No. 84, for a default judgment.

A review of the docket reflects the following relevant procedural history:

| | | |
|---|---|---|
| April 27, 2020 | | Defendant Fielder, through counsel, filed a motion for a 60-day extension of time to respond to Plaintiff's Interrogatories. See ECF No. 24. |
| April 30, 2020 | | The Court granted Defendant Fielder's motion and ordered Responses to interrogatories due by June 29, 2020. See ECF No. 25. |
| May 4, 2020 | | Fielder's counsel, Stacia Lunn Johns, Esq., filed a motion for leave to withdraw as counsel on the basis of an irreparable breakdown in the attorney-client relationship. See ECF No. 26. |

1

| | | |
|---|---|---|
| May 20, 2020 | | While counsel's motion was still pending, Defendants Fielder and Wetterer, through counsel, sought 60-day extension of time to respond to Plaintiff's requests for production.  See ECF No. 27. |
| May 22, 2020 | | Again while counsel's motion was still pending, the Court granted the motion for an extension of time and ordered responses to requests for production due by August 10, 2020.  See ECF No. 28. |
| June 12, 2020 | | The Court granted counsel's motion to withdraw leaving Defendant Fielder unrepresented and proceeding pro se. Attorney Johns remained counsel for Defendant Wetterer. See ECF No. 30. |
| July 2, 2020 | | Plaintiff filed a motion to compel Defendant Fielder to provide initial responses to interrogatories.  See ECF No. 31. |
| August 21, 2020 | | Plaintiff filed a motion to compel Defendants Fielder and Wetterer to provide further responses to requests for production.  See ECF No. 33. |
| September 10, 2020 | | Defendant Wetterer, through counsel, filed an opposition to Plaintiff's motion to compel further responses to requests for production.  See ECF No. 36. |
| February 10, 2021 | | The Court granted Plaintiff's July 2, 2020, motion to compel and ordered Defendant Fielder to serve responses to Plaintiff's interrogatories and file notice with the court of having done so within 14 days of the date of the Court's order.  See ECF No. 48.  By separate order, the Court denied Plaintiff's August 21, 2020, motion to compel further responses to requests for production.  See ECF No. 49.  Because it appeared the Court's prior orders had not been served on Defendant Fielder personally following withdrawal of attorney Johns, the Court directed that Defendant Fielder's address be updated on the docket consistent with the address provided by counsel in her motion to withdraw, and further directed that the Court's orders at ECF Nos. 46, 47, 48, and 49 be served on Defendant Fielder personally. |
| March 24, 2021 | | Plaintiff filed his motion for sanctions with a proof of service showing proper service on Defendant Felder personal at his address of record as updated on February 10, 2021.  See ECF No. 53. |
| October 20, 2021 | | The Court granted Plaintiff's motion for sanctions, which Defendant Fielder failed to oppose, and directed Plaintiff to submit a declaration in support of appropriate sanctions. See ECF No 64. |
| October 27, 2021 | | Plaintiff filed his brief in support of sanctions.  See ECF No. 66. |

| | | |
|---|---|---|
| 1 | August 4, 2022 | Upon the conclusion of summary judgment proceedings related to other defendants, now dismissed from the action, the Court directed Plaintiff to file a renewed motion for default judgment with all documentation and evidence establishing the measure of his damages on the merits of his underlying claim against remaining Defendant Fielder. The Court also ordered entry of Defendant Fielder's default. See ECF No. 81. |
| 2 | August 23, 2022 | Plaintiff filed his renewed motion for default judgment as to Defendant Fielder.  See ECF No. 84. |

To date, Defendant Fielder, who has been proceeding pro se since June 12, 2020, and who was served with the Court's order granting Plaintiff's motion to compel on February 10, 2021, has not complied with the order by filing a notice that he has served responses to Plaintiff's interrogatories.  The record reflects that Plaintiff's motion for sanctions, in which he states that he has not received interrogatory responses from Defendant Fielder despite the Court's order, was also properly served on Defendant Fielder, who did not file any response to Plaintiff's motion.  The record also reflects that the current motion for default judgment was served on Defendant Fielder.

Federal Rule of Civil Procedure 37(b) authorizes the Court to impose sanctions for failure to comply with a court order.  See Fed. R. Civ. P. 37(b).  Sanctions may be sought in the district where the action is pending for not obeying a prior discovery order, see Fed. R. Civ. P. 37(b)(2)(A), or for not producing a person for examination, see Fed. R. Civ. P. 37(b)(2)(B).  Rule 37(b)(2)(A) provides that the Court may "issue further just orders" for disobedience of a discovery order.  The rule also outlines a non-exhaustive list of possible appropriate sanctions including: (1) directing that matters be taken as established; (2) prohibiting the disobedient party from supporting or opposing designated claims or defenses or introducing designated matters in evidence; (3) striking pleadings; (4) staying further proceedings until the order is obeyed; (5) dismissing the action in whole or in part; (6) rendering a default judgment against the disobedient party; or (7) treating the disobedience as contempt of court.  See Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

/ / /

/ / /

3

In his brief in support of sanctions as well as the pending motion for a default judgment, Plaintiff requests imposition of a default judgment against Defendant Fielder in the amount of $5,000.00. See ECF No. 66. The Court construes Plaintiff's motions as seeking relief under Rule 37(b) for Fielder's failure to comply with the Court's prior discovery order. The Court must weigh five factors before imposing case-terminating sanctions. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).

Upon consideration of these factors, the Court finds that imposition of a default judgment in favor of Plaintiff and against Defendant Fielder in the amount of $5,000 is warranted. First, Defendant Fielder is thwarting the public's interest in expeditious resolution of this litigation by failing to respond to Plaintiff's discovery requests as ordered. Second, Defendant Fielder's conduct is making it impossible for the Court to manage its docket by moving this case forward. Third, absent responses to discovery, Plaintiff's ability to prosecute his action on the merits is prejudiced. Fourth, Defendant Fielder's conduct makes it impossible to resolve this case on the merits.

There also appears to be no available sanction which is less drastic given Defendant Fielder's complete refusal to comply with the Court's orders or litigate this case. The Court has considered other alternatives and finds the either inadequate to address Defendant Fielder's disobedience or too drastic under the circumstances.

Evidence exclusion and/or deeming matters established are inadequate because they do not remedy Fielder's apparent refusal to participate any further in this litigation. It stands to reason that, if Fielder will not respond to discovery requests or this Court's discovery orders, he will not defend a motion for summary judgment or appear at trial. At the end of the day, the case would stand as it does now while only further delaying resolution of the matter.

The Court has also considered the more traditional monetary sanction. This, however, is also inadequate because to the extent it is essentially the same relief as entering a default judgment as Plaintiff requests. If this Court were to order Fielder to pay a monetary sanction subject to a default sanction should he fail to comply, and if Fielder were to continue to refuse to litigate the case, the result would be the same as imposing a default judgment sanction now, except for additional unwarranted delay. It could be that Defendant Fielder is moved by the imposition of monetary sanctions in lieu of a default judgment, but this seems unlikely given his history of refusing to comply with the Court's other orders.

Rule 37(b)(2)(A) also allows the Court to treat Defendant's disobedience of the prior discovery order as contempt. This sanction seems too drastic. If the Court were to initiate contempt proceedings, the probable result given Fielder's conduct to date would be an order for his arrest for contempt of court. The Court finds that arresting and possibly incarcerating Defendant Fielder for violation of a discovery order would be far too harsh a sanction when Plaintiff seeks a modest award of $5,000 by way of a default sanction.

Finally, the amount of damages requested by way of a default sanction – $5,000 – is reasonable in light of the Eighth Amendment violation alleged in this case. Whether Plaintiff would be able to enforce a default judgment is another matter. In any event, Plaintiff is entitled to some form of sanction in his favor and the Court finds the requested relief both warranted and reasonable.

Based on the foregoing, the undersigned recommends that:

1. Plaintiff's motion, ECF No. 84, for a default judgment be granted;

2. Plaintiff be awarded a default judgment in the amount of $5,00 against Defendant Fielder as an appropriate sanction for Defendant Fielder's violation of the Court's discovery order and for failure to defend in this action.

/ / /

/ / /

/ / /

/ / /

1      These findings and recommendations are submitted to the United States District
2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
3 after being served with these findings and recommendations, any party may file written objections
4 with the Court.  Responses to objections shall be filed within 14 days after service of objections.
5 Failure to file objections within the specified time may waive the right to appeal.  See <u>Martinez v.</u>
6 <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

9  Dated:  January 3, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE