**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KORDY RICE,<br><br>    Plaintiff,<br><br>    v.<br><br>FIELDER,<br><br>    Defendant. | No. 2:18-CV-2743-TLN-DMC<br><br>**ORDER** |

Plaintiff, a prisoner proceeding pro se, brought this civil rights action pursuant to 42 U.S.C. § 1983. A final judgment in Plaintiff's favor has been entered. Pending before the Court in this closed case is Plaintiff's motion (ECF No. 99) to set aside the Court's final judgment.

The Court may grant reconsideration under Federal Rules of Civil Procedure 59(e) and 60. Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); *see also Schroeder v. McDonald*, 55 F.3d 454, 458-59 (9th Cir. 1995). The motion must be filed no later than twenty-eight (28) days after entry of the judgment.[1] *See* Fed. R. Civ. P. 59(e). Under Rule

---

[1] Pursuant to *Houston v. Lack*, 487 U.S. 266 (1988), for pro se prisoner litigants seeking reconsideration, the Court calculates the 28-day period from the date the motion was delivered to prison authorities for mailing to the Court. Otherwise, the 28-day period is calculated based on the date the motion for reconsideration is actually filed.

59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[2] *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988); *see also 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *accord School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Under Rule 60(a), the Court may grant reconsideration of final judgments and any order based on clerical mistakes. Relief under this rule can be granted on the Court's own motion and at any time. See Fed. R. Civ. P. 60(a). However, once an appeal has been filed and docketed, leave of the appellate court is required to correct clerical mistakes while the appeal is pending. See id.

Under Rule 60(b), the Court may grant reconsideration of a final judgment and any order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party. *See* Fed. R. Civ. P. 60(b)(1)-(3). A motion for reconsideration on any of these grounds must be brought within one year of entry of judgment or the order being challenged. *See* Fed. R. Civ. P. 60(c)(1). Under Rule 60(b), the Court may also grant reconsideration if: (1) the judgment is void; (2) the judgement has been satisfied, released, or discharged, an earlier judgment has been reversed or vacated, or applying the judgment prospectively is no longer equitable; and (3) any other reason that justifies relief. See Fed. R. Civ. P. 60(b)(4)-(6). A motion for reconsideration on any of these grounds must be brought "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

///

///

///

---

[2] If reconsideration is sought based on new evidence which could not have been discovered through due diligence in time to move for reconsideration under Rule 59(e), relief may be available under Federal Rule of Civil Procedure 60(b)(2). A motion under Rule 60(b)(2) may not be brought more than one year after entry of judgment.

Here, Plaintiff does not identify any basis for reconsideration outlined above, and the Court finds no basis upon which to reconsider the final judgment rendered in Plaintiff's favor.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion (ECF No. 99) is DENIED.
2. No further motions will be entertained in this closed file.

Date:  August 23, 2023

Troy L. Nunley
United States District Judge